UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ELVIS JONES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV408-173 |
| | ) |
| SHERIFF AL ST. LAWRENCE, | ) |
| McARTHUR HOLMES, and | ) |
| DEPUTY STONER, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On September 24, 2008, the Court ordered plaintiff to show cause why his case should not be dismissed for his failure to answer truthfully the question on his civil complaint form which inquired about his prior lawsuits. (Doc. 3.) In his response to that Order, plaintiff states that he was unable to recall the cases' civil action numbers and was not aware that the cases were actually still in the system. (Doc. 4.) Plaintiff's response is disingenuous, and the Court finds that he has failed to show just cause for his blatant deception regarding his filing history. This case, therefore, should

be **DISMISSED** without prejudice and should be deemed to qualify as a "strike" for purposes of 28 U.S.C. § 1915(g).

Question I(B) of the standard form complaint requires prisoners to disclose whether they have brought any other federal lawsuits while incarcerated. (Doc. 1 at 2-3.) Under penalty of perjury, plaintiff listed only one prior federal case commenced while he was a prisoner, a suit filed with this Court earlier this year. (Id.) The Court, however, is aware of at least six other federal cases that plaintiff failed to disclose. Jones v. Garcia, No. CV397-2203 (S.D. Cal. filed Dec. 9, 1997); Jones v. Moya, No. CV397-2204 (S.D. Cal. filed Dec. 9, 1997); Jones v. Garcia, No. CV397-2205 (S.D. Cal. filed Dec. 9, 1997); Jones v. Garcia, No. CV397-2206 (S.D. Cal. filed Dec. 9, 1997); Jones v. Garcia, No. CV397-2207 (S.D. Cal. filed Dec. 9, 1997); Jones v. Hamilton, No. CV396-3395 (S.D. Cal. filed July 26, 1996). Plaintiff's proffered explanation for failing to mention any of these prior cases is unacceptable. Plaintiff claims that he was "unable due to the length of time passed [sic] to recall the CV numbers," that he "resided in the state of California" at the time he filed the prior cases, and that he was not "aware they still

2

remained in the system" as grounds to excuse his omission. These explanations reveal too much, for they establish that plaintiff actually remembered filing these prior prisoner suits and reflect that he deliberately chose not to place this Court on notice of their existence.[1] (Doc. 4 at 2-3.) The civil complaint form asked plaintiff to identify all prior lawsuits filed while he was "incarcerated or detained *in any* facility." (Doc. 1 at 2. (emphasis added).) Plaintiff, therefore, knew very well that he was required to disclose the suits he had filed while confined in California. Clearly, plaintiff could have referenced the existence of those prior suits even if he did not recall the docket numbers of each case. By failing to even mention that he initiated prisoner suits while in California, plaintiff purposefully attempted to disguise his filing history.[2]

---

[1] Plaintiff claims to "not comprehend" why there were five separate cases filed on December 9, 1997 because, he states, "there was only one claim filed" and not five. (Doc. 4 at 2.) Plaintiff is incorrect, as a review of the five separate complaint forms that he submitted on December 9, 1997 reveals that each complaint form stated at least one different claim and named at least one different plaintiff from the other four. Thus, the complaints were appropriately filed as five separate causes of action, with each assigned its own civil action number. But regardless of their number, plaintiff neglected to disclose any of his California prisoner actions.

[2] Plaintiff's deceit may have been prompted by a desire to conceal the fact that he had "struck out" under 28 U.S.C. § 1915(g), which significantly restricts a prisoner's *in forma pauperis* filings after three or more of his suits

As mentioned in the Court's show cause order, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v.Castro, 465 F.3d 479, 484 (11th Cir. 2006). And "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." Id. at 490; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." Zocaras, 465 F.3d at 490; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).

Given plaintiff's dishonesty, this case should be **DISMISSED** without prejudice. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied

---

have been dismissed as frivolous, malicious, or legally insufficient. The Court need not decide whether § 1915(g) applies to his present action, for plaintiff's dishonesty regarding his filing history furnishes an independent basis for dismissal.

4

under penalty of perjury about the existence of a prior lawsuit"), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007); Williams v. Brown, No. CV607-045 (S.D. Ga. Oct. 1, 2008) (complaint dismissed for plaintiff's "clear and persistent pattern of deceit in his court filings"); Gillilan v. Walker, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history).

Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)).[3] The next time, plaintiff may face more serious sanctions, including not only the dismissal of his action with prejudice, but the imposition of monetary penalties that must be paid prior to the filing of any additional suits. Further, in an appropriate case, the

---

[3] In Rivera, the Eleventh Circuit found that a dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." 144 F.3d at 731. "[D]ismissal for [such an] abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Id.

5

Court may refer any deliberate misstatements made under penalty of perjury to the United States Attorney for criminal prosecution.

**SO REPORTED AND RECOMMENDED** this  23rd  day of December, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
